1  **BRYAN CAVE LLP**
   Kate E. Hart, California Bar No. 275121
2  211 N. Broadway, Suite 3600
   St. Louis, MO 63102
3  Telephone:   (314) 259-2000
   Facsimile:   (314) 259-2020
4  Email:       kate.hart@bryancave.com

5  Attorneys for Defendant
6  RGA REINSURANCE CO.

7

8                **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| 10  LRN CORPORATION, a Delaware Corporation, | Case No.  2:14-cv-5771 |
| 11       Plaintiff, | (Los Angeles County Superior Court Case No. SC122727) |
| 12       vs. | |
| 13  RGA REINSURANCE CO., a Missouri Corporation; and DOES 1 through 5, inclusive, | **NOTICE OF REMOVAL OF ACTION UNDER U.S.C. SECTIONS 1332, 1441, AND 1446** |
| 14       Defendants. | |
| 15 | **[DIVERSITY OF CITIZENSHIP]** |

**TO THE CLERK OF COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant RGA Reinsurance Co. ("RGA") hereby removes this action, Case No. SC122727, from the Superior Court of the State of California, County of Los Angeles (the "State Court Action") to the United States District Court for the Central District of California, Western Division.  Federal jurisdiction of this action is proper on the basis of diversity jurisdiction under 28 U.S.C. sections 1332 and 1441(b).  As grounds for supporting the removal, RGA states as follows:

## BACKGROUND

1. On June 23, 2014, Plaintiff LRN Corporation ("Plaintiff") filed the State Court Action against RGA and DOES 1 through 5, inclusive.  True and correct copies of the Complaint and Summons are attached to this Notice as Exhibits A and B, respectively.

2. RGA received service of the Summons and Complaint on June 24, 2014.  RGA is informed and believes that no other documents have been filed with the Superior Court other than those attached as Exhibits A and B.  There is no indication that Defendants Does 1 through 5 have been served nor does RGA accept service on behalf of any fictitious defendants.

3. Plaintiff brings this action against RGA relating to the purportedly unjustified termination of RGA's performance under a contract between Plaintiff and RGA.  Plaintiff brings two causes of action, for breach of written contract and declaratory relief.  Plaintiff seeks compensatory damages of $154,790.00 plus interest and a declaration that RGA had no right to terminate the contract and remains obligated to pay the remaining balance under the contract.

## BASIS FOR FEDERAL COURT JURISDICTION

4. Under 28 U.S.C. §§ 1441 and 1446, Congress has granted defendants such as RGA the statutory right to remove a case from a state court to the United States district court where that case originally could have been filed.  28 U.S.C. § 1441(a).  Article III, Section 2 of the United States Constitution extends original jurisdiction to federal courts over controversies "between citizens of different states."  U.S. Const. Art. III; 28 U.S.C. § 1332(a)(1).

5. Under 28 U.S.C. § 1331, the United States district courts also have jurisdiction over all civil actions arising under the laws, Constitution, or treaties of the United States.

6. Removal is proper in this case. This Court has jurisdiction of the action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because the amount in controversy, exclusive of interests and costs, exceeds $75,000. *See* 28 U.S.C. §§ 1332(a)(1); Complaint, Prayer for Relief (Exhibit A).

## DIVERSITY OF CITIZENSHIP

7. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c).

8. Plaintiff is a Delaware corporation with its principal places of business in New York, New York and Los Angeles, California. (Compl. ¶ 1.)

9. Defendant is a Missouri corporation with its principal place of business in Chesterfield, Missouri. (Compl. ¶ 2.)

10. Named Defendants Does 1 through 5 have not been otherwise named in the Complaint nor have they been served with process in the state court proceedings, requiring these Defendants to be disregarded for jurisdictional purposes under 28 U.S.C. § 1441(a) and *Cripps v. Life Insurance Company of North America*, 980 F.2d 1261, 1266 (9th Cir. 1992). Therefore, there is complete diversity of citizenship between the parties.

11. Based on the above allegations, complete diversity of citizenship exists so as to give RGA a basis to remove this action to federal court. *See* 28 U.S.C. § 1332(c)(1).

## AMOUNT IN CONTROVERSY

12. Plaintiff's Complaint specifically seeks damages of not less than $154,790.00, plus interest. (Compl. ¶ 10.)

13. Because Plaintiff's alleged damages exceed $75,000.00, the amount in controversy requirement for diversity jurisdiction is satisfied. 28 U.S.C. § 1332.

**PROCEDURAL REQUIREMENTS AND LOCAL RULES**

14. <u>Removal to Proper Court</u>. Venue for removal is proper in this court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Central District of California embraces the Superior Court of the State of California for the County of Los Angeles, the forum in which the removed action was pending.

15. <u>Removal is Timely</u>. RGA was served with the Summons and Complaint on June 24, 2014 and this Notice is timely filed within 30 days of service. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

16. <u>Pleadings and Process</u>. Attached hereto as **Exhibit A & B** are copies of all process, pleadings and orders served upon RGA in the State Court Action. *See* 28 U.S.C. § 1446(a).

17. <u>Notice</u>. RGA will promptly serve Plaintiff by and through its attorney of record and file a true copy of this Notice of Removal with the Clerk of the Superior Court of California, for the County of Los Angeles. *See* 28 U.S.C. §§ 1446(a), 1446(d).

18. <u>Consent to Removal</u>. There is no indication that Defendants Does 1 through 5 have been served nor does RGA accept service on behalf of any fictitious defendants. Accordingly, all necessary defendants, or RGA, consent to this removal.

19. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

20. <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

21. Accordingly, removal of the State Court Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 is proper because this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332.

22. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, RGA respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

1     WHEREFORE, this action should proceed in this Court.

4     Dated: July 24, 2014         **BRYAN CAVE LLP**

By:   /s/ Kate E. Hart
        Kate E. Hart
Attorneys for Defendant
RGA REINSURANCE CO.